UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Osborne<br><br>And<br><br>Steven Osborne,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CB Tool Co.,<br><br>　　　Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiffs, Robert Osborne and Steven Osborne[1], by and through their undersigned attorney, and file this Complaint alleging as follows:

## NATURE OF THE ACTION

1.　This action is initiated to redress violations by CB Tool Co., (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*).

2.　In summary fashion, and as described in detail below, Plaintiffs were subjected to a severe and pervasive pattern of sexual harassment and were constructively discharged from employment because this sexually hostile environment persisted despite their repeated complaints, thereby leaving Plaintiffs with no reasonable remedy other than resignation.

---

[1] Robert Osborne and Steven Osborne may periodically be referred to collectively as "Plaintiffs."

**JURISDICTION AND VENUE**

3. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs have properly exhausted their administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Exhibit A.

**PARTIES**

7. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

8. Plaintiff Robert Osborne ("R. Osborne") is an adult individual with a primary residence located at 324 East Charlotte Street, Millersville, PA 17551.

9. Plaintiff Steven Osborne ("S. Osborne") is an adult individual with a primary residence located at 31 Charlestown Road, Washington Boro, PA 17582.

10. Defendant is a Pennsylvania business entity with its primary location at 640 Bean Hill Road, Lancaster, PA 17603.

## FACTUAL BACKGROUND RELEVANT TO ROBERT OSBORNE

11. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

12. R. Osborne was hired by Defendant on about August 6, 2003 as a Machinist / Laborer.

13. During his last approximately two (2) or three (3) years of employment, R. Osborne's Shop Foreman was Steve Charles ("Mr. Charles"). During this period of time, Mr. Charles was promoted to General Manager.

14. Mr. Charles subjected R. Osborne to varying degrees of sexual harassment. For example, Mr. Charles:

- Made gestures towards R. Osborne with his hand and mouth to mimic oral sex;
- Rubbed his groin up against R. Osborne on several occasions;
- Put his leg up on a vehicle and pretended to hump it as if having sex;
- Made sexual comments over the two-way radios; and
- Repeatedly made other sexual comments and gestures

15. R. Osborne made it clear that the aforementioned conduct was unwelcome and offensive, as he repeatedly requested that Mr. Charles put an end to said conduct.

16. In addition to complaining directly to Mr. Charles, R. Osborne also reported the conduct referenced in Paragraph 14 to Defendant's General Manager, Brian Rineer ("Mr. Rineer").

17. Despite R. Osborne's repeated complaints, the sexual harassment by Mr. Charles continued without interruption.

18. As a result of this ongoing harassment, and in light of Defendant's failure to address his complaints, R. Osborne became extremely distraught and believed that his only remedy was resignation.

19. On about September 19, 2019, R. Osborne provided Defendant with two (2) weeks' notice of his intent to resign. Later that same day, Defendant provided R. Osborne with a resignation letter to sign and instructed him to clock out and leave the premises immediately.

## FACTUAL BACKGROUND RELEVANT TO STEVEN OSBORNE

20. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

21. S. Osborne was hired by Defendant in about March of 1994. At the time of his separation from employment, S. Osborne's job title was Shipping and Receiving Manager.

22. During the last few years of his employment, S. Osborne was subjected to sexual harassment by the previously mentioned Steve Charles ("Mr. Charles"). This harassment included, but was not limited to the following:

- Mr. Charles repeatedly grabbed his crotch in the direction of S. Osborne and other employees;
- Mr. Charles made gestures imitating oral sex when S. Osborne ate a banana;
- Mr. Charles stated that he and another employee could stand on either end of S. Osborne and "use [him] as a rotisserie"; and
- Mr. Charles repeatedly made various other sexual comments and gestures.

23. S. Osborne did not welcome the forgoing conduct and found it to be extremely offensive.

24. On several occasions, S. Osborne expressly requested that Mr. Charles cease engaging in said conduct.

25. S. Osborne also reported Mr. Charles' conduct to Defendant's Assistant GM, Brooke Wenzel ("Ms. Wenzel") and Shop Foreman Randi Morris ("Ms. Morris").

26. In response to S. Osborne's complaints, Ms. Wenzel simply told him to speak with Mr. Charles.

27. Defendant did not otherwise take any remedial action in response to S. Osborne's complaints, and the sexually harassing atmosphere continued without interruption.

28. As a result of this ongoing harassment, and in light of Defendant's failure to address his complaints, S. Osborne became extremely distraught and believed that his only remedy was resignation.

29. On about October 7, 2019, S. Osborne provided Defendant with two (2) weeks' notice of his intent to resign. The next day, HR Manager, Missy Gockley, instructed S. Osborne to leave Defendant's premises immediately.

## Count I
## On Behalf of All Plaintiffs
## <u>Violations of Title VII</u>
## (Sexual Harassment / Hostile Work Environment and Retaliation)

30. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

31. Defendant is an employer as defined by the Title VII.

32. As set forth in detail above, Plaintiffs were subjected to a pattern of severe and pervasive sexual harassment.

33. As set forth in detail above, Plaintiffs engaged in protected activity insofar as each complained of the aforesaid harassment.

34. Defendant did not take any action to remedy Plaintiffs' complaints.

35. After engaging in the aforementioned protected activity, Plaintiffs were subjected to adverse action such as ongoing harassment and antagonism.

36. The ongoing pattern of sexual harassment (and Defendant's failure to take any remedial action) detrimentally effected Plaintiffs' insofar as each became extremely distraught to

the point where each believed that the only way to avoid the hostile work environment was to resign from employment.

37. In light of the forgoing, Plaintiffs contend that they were constructively discharged from employment.

38. The forgoing constitutes violations of Title VII.

**WHEREFORE**, Plaintiffs prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiffs, reimburse Plaintiffs and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, medical and other benefits. Plaintiffs should be accorded those benefits illegally withheld from the date they first suffered discrimination and retaliation at the hand of Defendant until the date of verdict;

C. Plaintiffs are to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

  E. Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

  F. Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable law; and

  G. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

            Respectfully Submitted,

            Jonathan W. Chase, Esq.
            **Law Office of Jonathan W. Chase**
            PA ID: 312448
            1515 Market Street
            Suite 1200
            Philadelphia, PA 19102
            (215) 967-1544
            (215) 967-1108 (Fax)
            jwc@lawjwc.com

# **EXHIBIT A**

EEOC Form 161 (11/2020)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Robert J. Osborne<br>324 East Charlotte Street<br>Millersville, PA 17551 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-06102 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

03/02/2021 *(Date Issued)*

Jamie R. Williamson,
District Director

Enclosures(s)

cc: Missy Gockley
Human Resources
CB TOOL CO.
640 Bean Hill Road
Lancaster, PA 17603

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Steven E. Osborne
31 Charlestown road
Washington Boro, PA 17582

From: Philadelphia District Office
801 Market Street
Suite 1000
Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-01765 | Legal Unit, Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*

Jamie R. Williamson,
District Director

03/02/2021

(Date Issued)

Enclosures(s)

cc: Missy Gockley
Human Resources Manager
CB TOOL CO.
1340 Manheim Pike
Lancaster, PA 17601